**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

      Plaintiff,

      -vs-                                                                                    Case No. 13-CR-128

**ALLEN J. BENDER,**

      Defendant.

## DECISION AND ORDER

Defendant, Allen Bender, ("Bender") has motioned the Court for additional time to file pre-trial motions and to submit further arguments in support of a pending motion to suppress evidence. Bender asserts that the search warrant in this case contained a false statement, without identifying the false statement. The Court will deny Bender's request.

The Court also has before it a recommendation from Magistrate Judge Patricia Gorence that Bender's motion to suppress statements be denied. Bender argues that statements made during the interrogation conducted by the officers in this case prior to Miranda warnings being given should be suppressed because he was in custody at the time the interrogation occurred.

As indicated in Bender's objections, the "facts deduced at the motion hearing were largely uncontested and remain so." Because, argues Bender, the Seventh Circuit

in *United States v. Slaight*, 620 F3d 816 (7th Cir. 2010), granted a motion to suppress pre-interrogation statements on the same or similar facts, this Court must follow that precedent.

Bender has drawn significant parallels between the facts of both cases. The Court has, quite frankly, spent a great deal of time pondering the similarities in deciding whether to accept or not to accept the Magistrate Judge's recommendation. The Court has decided to accept the recommendation to deny the motion to suppress because, while there are parallels to *Slaight*, the undisputed facts show that Bender was consistently made aware during the pre-interrogation time frame that he was "not under arrest," and that he was free to leave and would be provided a ride home. In addition, the officers conducting the interview did not overtly intimidate Bender. There was indeed an extraordinary display of force during the execution of the warrant. The Court is doubtful whether 17 to 18 officers with guns drawn are needed to execute a warrant on one individual suspected of having illegal images on his electronic devices. This type of suspect in this type of case, in the Court's experience, does not raise the concerns of escape, loss of evidence/contraband, or officer safety that are present in other cases. However, the Court agrees with Magistrate Judge Gorence that Bender was free to go and was well aware of it, bringing this case outside the parameters of *Slaight*.

**IT IS HEREBY ORDERED THAT:**

The Court adopts Magistrate Judge Gorence's Report and Recommendations

(ECF No. 26), therefore Bender's motion to suppress statements (ECF No. 16) is **DENIED**; and

Bender's motion for extension of time to file pretrial motions and further arguments (ECF No. 30) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2014.

                                          **BY THE COURT:**

                                          _____
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**